**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

Southern District of Texas
_____(State)_____

Case number *(if known)*: _____     Chapter __11__

☐ Check if this is an
amended filing

Official Form 201

Voluntary Petition for Non-Individuals Filing for Bankruptcy                                    04/20

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **FTS International, Inc.** |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | **FTS International, LLC, FTS International Holdings, LLC, THC Catering LLC,**<br>**Western Colorado Truck Center LLC, THC Investments LLC, FTS International Holdings LLC,**<br>**Frac Tech Management LLC, Specialty OG Holdings, LLC, Frac Tech Holdings LLC** |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **30-0780081** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **777 Main Street**<br>Number                Street | <br>Number                Street |
| **Suite 2900** | |
| | P.O. Box |
| **Fort Worth**          **Texas**          **76102**<br>City                State     Zip Code | <br>City                          State     Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **Tarrant County**<br>County | <br>Number                Street |
| | <br>City                          State     Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **http://ftsi.com/** |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

| | | |
|---|---|---|
| 7. | **Describe debtor's business** | A. *Check One:* |

| Debtor | **FTS International, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .
**2111 (Oil and Gas Extraction)**

| | |
|---|---|
| **8. Under which chapter of the Bankruptcy Code is the debtor filing?**<br><br>A debtor who is a "small business debtor" must check the first sub-box.  A debtor as defined in § 1182(1) who elects to proceed under subchapter V of chapter 11 (whether or not the debtor is a "small business debtor") must check the second sub-box. | *Check One:*<br><br>☐ Chapter 7<br><br>☐ Chapter 9<br><br>☒ Chapter 11.  *Check all that apply:*<br><br>☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625.  If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☐ The debtor is a debtor as defined in 11 U.S.C. § 1182(1).  Its aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $7,500,000 **and it chooses to proceed under Subchapter V of Chapter 11.** If this sub-box is selected, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if any of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).<br><br>☒ A plan is being filed with this petition.<br><br>☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).<br><br>☒ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.<br><br>☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.<br><br>☐ Chapter 12 |
| **9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**<br><br>If more than 2 cases, attach a separate list. | ☒ No<br>☐ Yes.   District _____  When _____  Case number _____<br>                                                    MM/DD/YYYY<br>            District _____  When _____  Case number _____<br>                                                    MM/DD/YYYY |

| Debtor | **FTS International, Inc.** | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| 10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor? | ☐ No ☒ Yes. | Debtor | **See Rider 1** | Relationship | **Affiliate** |
|---|---|---|---|---|---|
| List all cases. If more than 1, attach a separate list. | | District | **Southern District of Texas** | When | 09/22/2020 |
| | | Case number, if known | | | MM / DD / YYYY |

| 11. Why is the case filed in *this* district? | *Check all that apply:* |
|---|---|
| | ☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district. |
| | ☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district. |

| 12. Does the debtor own or have possession of any real property or personal property that needs immediate attention? | ☒ No[1] |
|---|---|
| | ☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed. |

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

    What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
    Number    Street

_____
    City    State    Zip Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

    Contact name _____

    Phone _____

---

**Statistical and administrative information**[2]

| 13. Debtor's estimation of available funds | *Check one:* |
|---|---|
| | ☒ Funds will be available for distribution to unsecured creditors. |
| | ☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors. |

---

[1] The Debtors engage in oilfield services related to the exploration, development, and production of oil and natural gas. Certain debtors possess or operate certain real properties where environmental remediation and similar obligations may be ongoing. The Debtors note that the term "imminent and identifiable hazard" is not defined in this form; however the Debtors do not believe they own or possess any real or personal property that poses or is alleged to pose a threat of imminent and identifiable harm to the public health or safety.

[2] The Debtors' estimated assets, liabilities, and number of creditors noted here are provided on a consolidated basis.

| Debtor | **FTS International, Inc.** | Case number *(if known)* | |
| | Name | | |

---

**14. Estimated number of creditors**

☐ 1-49          ☐ 1,000-5,000       ☐ 25,001-50,000
☐ 50-99         ☐ 5,001-10,000      ☐ 50,001-100,000
☐ 100-199       ☐ 10,001-25,000     ☐ More than 100,000
☒ 200-999

---

**15. Estimated assets**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☐ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☒ $100,000,001-$500 million    ☐ More than $50 billion

---

**16. Estimated liabilities**

☐ $0-$50,000              ☐ $1,000,001-$10 million       ☒ $500,000,001-$1 billion
☐ $50,001-$100,000        ☐ $10,000,001-$50 million      ☐ $1,000,000,001-$10 billion
☐ $100,001-$500,000       ☐ $50,000,001-$100 million     ☐ $10,000,000,001-$50 billion
☐ $500,001-$1 million     ☐ $100,000,001-$500 million    ☐ More than $50 billion

---

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **09/22/2020**
              MM/ DD / YYYY

×   **/s/ Lance Turner**                              **Lance Turner**
    Signature of authorized representative of debtor   Printed name

Title   **Chief Financial Officer**

**18. Signature of attorney**

×   **/s/ Brian Schartz**                    Date   **09/22/2020**
    Signature of attorney for debtor                MM/DD/YYYY

**Brian Schartz**
Printed name

**Kirkland & Ellis LLP**
Firm name

**609 Main Street**
Number                    Street

**Houston**                              **Texas**          **77002**
City                                     State             ZIP Code

**(713) 836-3600**                       **brian.schartz@kirkland.com**
Contact phone                            Email address

**24099361**                        **Texas**
Bar number                          State

---

| Fill in this information to identify the case: |
|---|
| United States Bankruptcy Court for the: |
| **Southern District of Texas** |
| (State) |
| Case number *(if known):* _____    Chapter    11 |

☐ Check if this is an
amended filing

**Rider 1**
**Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor**

     On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of Texas for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of FTS International, Inc.

| FTS International, Inc. |
|---|
| FTS International Manufacturing, LLC |
| FTS International Services, LLC |

Official Form 201A (12/15)

**IN THE UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | )    Chapter 11 |
| | ) |
| FTS INTERNATIONAL, INC., | )    Case No. 20-_____(___) |
| | ) |
| Debtor. | ) |
| | ) |

<u>**Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11**</u>

1. If any of the debtor's securities are registered under Section 12 of the Securities Exchange Act of 1934, the SEC file number is    **333-234610**

2. The following financial data is the latest available information and refers to the debtor's condition on **June 30, 2020**

| | | | |
|---|---|---|---|
| (a) | Total assets | $ | **517,200,000** |
| (b) | Total debts (including debts listed in 2.c., below) | $ | **535,300,000** |
| (c) | Debt securities held by more than 500 holders | | **See Comment** |

| | | | | | | Approximate number of holders: |
|---|---|---|---|---|---|---|
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | **See Comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | **See Comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | **See Comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | **See Comment** |
| secured ☐ | unsecured ☐ | subordinated ☐ | $ | | | **See Comment** |

| | | |
|---|---|---|
| (d) | Number of shares of preferred stock | **0** |
| (e) | Number of shares of common stock | **5,380,859**[1] |

Comments, if any:    **FTS International, Inc. does not and cannot know the precise number of beneficial holders of any of the debt securities it has issued and does not believe that any such securities are held by more than 500 holders.**

3. Brief description of debtor's business:    **The Debtors are one of the largest well completion companies in North America. The Debtors provide exploration and production companies with its deep expertise and customized hydraulic fracturing solutions to enhance recovery rates from oil and gas wells.**

4. List the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of debtor:
**Maju Investments (Mauritius) Pte Ltd, Senja Capital Ltd., and Chesapeake Energy Holdings Inc.**

---

[1]    As of September 18, 2020.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| FTS INTERNATIONAL, INC., | ) Case No. 20-_____ (___) |
| | ) |
| Debtor. | ) |
| | ) |

**LIST OF EQUITY SECURITY HOLDERS[1]**

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| FTS International, Inc. | Maju Investments (Mauritius) Pte Ltd | Les Cascades<br>Edith Cavell Street<br>Port Louis, Republic of Mauritius | 38.9% |
| FTS International, Inc. | Chesapeake Energy Holdings Inc. | 6100 North Western<br>Oklahoma City, Oklahoma 73118 | 20.1% |
| FTS International, Inc. | Senja Capital Ltd. | c/o RRJ Management Ltd<br>Walker House<br>87 Mary Street<br>George Town, Grand Cayman KY 1-9005 | 11.1% |

---

[1]   This list reflects holders of five percent or more of FTS International, Inc.'s common stock. This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure. By the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing the Debtors to File a Consolidated List of 30 Largest Unsecured Creditors, (II) Waiving the Requirement to File A List of Equity Security Holders, (III) Authorizing the Debtors to Redact Certain Personal Identification Information, and (IV) Granting Related Relief* filed contemporaneously herewith, the debtor is requesting a waiver of the requirement under rule 1007 to file a list of all of its equity security holders.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTS INTERNATIONAL, INC., | ) | Case No. 20-_____ (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**CORPORATE OWNERSHIP STATEMENT**

       Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Maju Investments (Mauritius) Pte Ltd | 38.9% |
| Chesapeake Energy Holdings Inc. | 20.1% |
| Senja Capital Ltd. | 11.1% |

Fill in this information to identify the case:

Debtor name: FTS International, Inc. *et al.*

United States Bankruptcy Court for the: Southern District of Texas

Case number (If known): _____

☐ Check if this is an amended filing

Official Form 204

# Chapter 11 or Chapter 9 Cases: Consolidated List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders           12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | U.S. BANK N.A. GLOBAL CORPORATE TRUST SERVICES 1349 W. PEACHTREE STREET, NW, SUITE 1050 ATLANTA, GA 30309 | ATTN: MURIEL SHAW TITLE: ASSISTANT VICE PRESIDENT PHONE: 404-975-4884 FAX: 404-898-8844 | 2022 SENIOR NOTES DEFICIENCY CLAIM | CONTINGENT, UNLIQUIDATED | | | $215,282,531 |
| 2 | WILMINGTON SAVINGS FUND SOCIETY, FSB 500 DELAWARE AVENUE WILMINGTON, DE 19801 | ATTN: PATRICK HEALY TITLE: SENIOR VICE PRESIDENT PHONE: 888-973-7226 EMAIL: ADMINAGENCYMO@WSFSBANK.COM OR PHEALY@WSFSBANK.COM | 2021 TERM LOAN DEFICIENCY CLAIM | CONTINGENT, UNLIQUIDATED | | | $38,416,171 |
| 3 | MISSISSIPPI SAND 24275 KATY FREEWAY, SUITE 600 KATY, TX 77494 | ATTN: DON MERRIL TITLE: CHIEF FINANCIAL OFFICER PHONE: 800-243-7500 EMAIL: MERRIL@USSILICA.COM | CONTRACT LIABILITY | | | | $10,000,000 |
| 4 | TARGET LOGISTICS MANAGEMENT 2170 BUCKTHORNE PL., STE 440 THE WOODLANDS, TX 77380-1794 | ATTN: ERIC KALAMARAS TITLE: CHIEF FINANCIAL OFFICER PHONE: 281-362-5397 EMAIL: EKALAMARAS@TARGETHOSPITALITY.COM FAX: 281-362-5435 | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $505,527 |
| 5 | A&W ENERGY LLC 1301 FORUM WAY S FORT WORTH, TX 76140 | ATTN: BEN ALLEN TITLE: CHIEF EXECUTIVE OFFICER PHONE: 817-704-7346 EMAIL: BEN.ALLEN@AW.ENERGY | TRADE PAYABLE | | | | $489,189 |
| 6 | STEAGALL OIL CO OF TEXAS 3000 N SYLVANIA AVE FORT WORTH, TX 76111 | ATTN: DAVID B STEAGALL TITLE: VICE PRESIDENT PHONE: 817-831-6722 EMAIL: DAVIDSTEAGALL@STEAGALLOIL.COM FAX: 817-831-6975 | TRADE PAYABLE | | | | $393,280 |
| 7 | TRUCKPRO INC 1900 CHARLES BRYAN, SUITE 100 CORDOVA, TN 38016 | ATTN: STEVE MARTIN TITLE: CHIEF FINANCIAL OFFICER PHONE: 901-252-4200 EMAIL: STEVE.MARTIN@TRUCKPRO.COM | TRADE PAYABLE | | | | $342,465 |
| 8 | ENERGY SERVICES GROUP, INC 141 LONGWATER DR., STE 113 NORWELL, MA 02061 | ATTN: MATTHEW HIRST TITLE: CHIEF EXECUTIVE OFFICER PHONE: 781-347-9000 EMAIL: MATTHEW.HIRST@UTILIGROUP.COM FAX: 781-871-0792 | TRADE PAYABLE | | | | $308,841 |
| 9 | UTE INDIAN TRIBE P.O. BOX 190 FORT DUCHESNE, UT 84026 | ATTN: BRUCE PARGEETS TITLE: ASSISTANT DIRECTOR PHONE: 435-828-7032 EMAIL: BPARGEETS@UTETRIBE.COM | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $289,756 |
| 10 | KEMPER VALVE & FITTINGS CORP 3001 DARRELL RD ISLAND LAKE, IL 60042 | ATTN: BRETT MAHLMAN TITLE: CONTROLLER PHONE: 847-526-2166 EMAIL: BRETT.MAHLMAN@KEMPERVALVE.COM FAX: 847-526-2241 | TRADE PAYABLE | | | | $193,852 |
| 11 | ENERGY PRODUCTS 1551 E LINCOLN AVE STE 101 MADISON HEIGHTS, MI 48071-4159 | ATTN: KURT SMITH TITLE: CHIEF EXECUTIVE OFFICER PHONE: 248-545-7700 EMAIL: KHSMITH@ENERGYPROD.COM FAX: 248-414-1863 | TRADE PAYABLE | | | | $173,209 |
| 12 | STAG INDUSTRIAL ONE FEDERAL ST., 23RD FL BOSTON, MA 02110 | ATTN: BENJAMIN S BUTCHER TITLE: CHIEF EXECUTIVE OFFICER PHONE: 617-574-4777 EMAIL: BBUTCHER@STAGINDUSTRIAL.COM | TRADE PAYABLE | | | | $149,068 |
| 13 | MIDCENTRAL EQUIPMENT 50106 STATE HWY 210 HENNING, MN 56551 | ATTN: NATHAN THALMANN TITLE: PRESIDENT / OWNER PHONE: 218-583-2931 EMAIL: MCEQUIP@ARVIG.NET FAX: 218-583-2932 | TRADE PAYABLE | | | | $147,773 |
| 14 | PENN MACHINE 201 BETHEL AVE ASTON, PA 19014 | ATTN: JOE PRO TITLE: PRESIDENT EMAIL: JOEP@PENNUSA.COM FAX: 610-497-3325 | TRADE PAYABLE | | | | $133,650 |

Debtor_____FTS International, Inc., et al.,_____          Case number (if known)_____

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim if the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 15 | SPM FLOW CONTROL INC 7601 WYATT DR FORT WORTH, TX 76108-2530 | ATTN: GRAHAM VANHEGAN TITLE: CHIEF LEGAL OFFICER PHONE: 817-246-2461 EMAIL: GRAHAM.VANHEGAN@WEIR.CO.UK | TRADE PAYABLE | | | | $102,101 |
| 16 | M&D DISTRIBUTORS 7902 FM 1960 BYPASS W HUMBLE, TX 77338 | ATTN: DREW ROBERTS TITLE: CHIEF EXECUTIVE OFFICER PHONE: 713-928-5686 EMAIL: DREW.ROBERTS@FWCAZ.COM FAX: 713-928-8154 | TRADE PAYABLE | | | | $100,460 |
| 17 | GARDNER DENVER PETROLEUM PUMPS 785 GREENS PARKWAY, SUITE 225 HOUSTON, TX 77067 | ATTN: EDWARD BAYHI TITLE: VP AND GENERAL MANAGER PHONE: 814-742-9600 EMAIL: EDWARD.BAYHI@GARDNERDENVER.COM | TRADE PAYABLE | | | | $95,268 |
| 18 | CERTIFIED LABORATORIES 65 MARCUS DR MELVILLE, NY 11747 | ATTN: STEVEN MITCHELL TITLE: CHIEF EXECUTIVE OFFICER PHONE: 516-576-1400 EMAIL: SMITCHELL@800CERTLAB.COM FAX: 631-396-0983 | TRADE PAYABLE | | | | $94,086 |
| 19 | TEXAS AIR HYDRAULIC 251 S EASTMAN RD LONGVIEW, TX 75602 | ATTN: JOHNNY WISDOM TITLE: OWNER PHONE: 903-757-8211 EMAIL: JWW@TXAH.COM | TRADE PAYABLE | | | | $91,354 |
| 20 | FMCTI CORPORATION 2929 WALNUT ST PHILADELPHIA, PA 19104 | ATTN: ANDREW SANDIFER TITLE: CHIEF FINANCIAL OFFICER PHONE: 215-299-6000 EMAIL: ANDREWSANDIFER@FMC.COM FAX: 215-299-5998 | TRADE PAYABLE | | | | $78,287 |
| 21 | AMERUS OILFIELD SOLUTIONS 305 EAST 57TH ST ODESSA, TX 79762 | ATTN: JERRY BATES TITLE: PRESIDENT & CHIEF EXECUTIVE OFFICER PHONE: 432-561-5521 EMAIL: JBATES@AMERUSOILFIELDSOLUTIONS.COM | TRADE PAYABLE | | | | $67,761 |
| 22 | FRAC PUMP PARTS 1222 S CEDAR RIDGE DR DUNCANVILLE, TX 75137 | ATTN: DONALD O'CONNOR TITLE: OWNER PHONE: 775-557-8677 EMAIL: FRACPUMPPARTS@GMAIL.COM | TRADE PAYABLE | | | | $65,768 |
| 23 | WD PUMPCO, LLC 620 MARIETTA STREET ZANESVILLE, OH 43701 | ATTN: ANDY GOSS TITLE: CHIEF EXECUTIVE OFFICER PHONE: 740-454-2576 EMAIL: ANDYGOSS@GOSSSUPPLY.COM | TRADE PAYABLE | | | | $64,866 |
| 24 | RESTREAM SOLUTIONS LLC 6011 W COURTYARD DR #300A AUSTIN, TX 78730 | ATTN: WALKER RYAN TITLE: DIRECTOR OF FINANCE PHONE: 512-400-4191 EMAIL: WRYAN@RESTREAMSOLUTIONS.COM | TRADE PAYABLE | CONTINGENT, UNLIQUIDATED | | | $63,889 |
| 25 | TITANLINER LLC 4100 INTERNATIONAL PLAZA, SUITE #538 FORT WORTH, TX 76109 | ATTN: KEY SIMON TITLE: VICE PRESIDENT OF FINANCE PHONE: 432-210-6819 EMAIL: KEY.SIMON@TITANLINER.COM FAX: 817-369-5929 | TRADE PAYABLE | | | | $59,128 |
| 26 | FLOW VALVE LLC 600 US-77 N MARIETTA, OK 73448 | ATTN: JAKE FOSTER TITLE: CHIEF OPERATING OFFICER PHONE: 580-276-9400 EMAIL: JAKE.FOSTER@KERRLAB.COM | TRADE PAYABLE | | | | $58,957 |
| 27 | PARAMOUNT RENTAL SERVICES LLC 900 8TH STREET SUITE 1002 WICHITA FALLS, TX 76301 | ATTN: CURTIS WILSON TITLE: MANAGING PARTNER PHONE: 940-264-8379 EMAIL: CURTIS@PARAMOUNTRENTALSERVICES.NET | TRADE PAYABLE | | | | $56,718 |
| 28 | FLEETPRIDE 600 E. LAS COLINAS BLVD., SUITE 400 IRVING, TX 75039 | ATTN: KENNY WAGERS TITLE: CHIEF FINANCIAL OFFICER PHONE: 469-249-7500 EMAIL: KENNY.WAGERS@FLEETPRIDE.COM | TRADE PAYABLE | | | | $52,623 |
| 29 | MINEPRO INC. 10201 WAYZATA BLVD MINNETONKA, MN 55305 | ATTN: DAVID PENN TITLE: CHIEF FINANCIAL OFFICER PHONE: 763-746-0410 EMAIL: DAVIDLPENN@COMCAST.NET | TRADE PAYABLE | | | | $50,832 |
| 30 | COVIA HOLDINGS  CORPORATION 3 SUMMIT PARK DR., STE 700 INDEPENDENCE, OH 44131 | ATTN: ANDREW EICH TITLE: CHIEF FINANCIAL OFFICER PHONE: 440-214-3284 EMAIL: ANDREW.EICH@COVIACORP.COM | TRADE PAYABLE & CONTRACT LIABILITY | CONTINGENT, UNLIQUIDATED, DISPUTED | | | UNDETERMINED |

Note: Unsecured amounts contain projected estimates of pre-petition liability as of the Petition Date and are subject to change as accrued liabilities become invoiced.

**OMNIBUS RESOLUTIONS OF THE MEETINGS**
**OF THE BOARD OF DIRECTORS OF**
**FTS INTERNATIONAL, INC., ET AL.**

**September 21, 2020**

The undersigned, being the requisite members of the respective board of directors, the sole member, or similar governing body (the, the "Board") of each of the entities listed on Annex I attached hereto (collectively, the "Company") hereby consent to taking the following actions and hereby adopt and approve the following resolutions by unanimous written consent, pursuant to the organizational documents of the Company and the laws of the states of Delaware and Texas, as applicable:

**Chapter 11 Filing**

**WHEREAS**, the Board has reviewed and considered presentations by the Company's authorized officers and representatives ("Management") and financial, restructuring, and legal advisors (collectively, the "Advisors") regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it, and the effect of the foregoing on the Company's businesses;

**WHEREAS**, on September 20, 2020, on valid corporate authority, the Company executed the second amended and restated restructuring support agreement (as may be amended, supplemented, or otherwise modified from time to time, the "Restructuring Support Agreement");

**WHEREAS**, the Board has reviewed and considered presentations by Management and the Advisors of the Company regarding the advantages and disadvantages of the Company soliciting acceptances of the prepackaged chapter 11 plan of reorganization (as may be amended, modified, or supplemented from time to time, the "Plan") contemplated in the Restructuring Support Agreement and the related disclosures (as may be amended, modified, or supplemented from time to time, the "Disclosure Statement"); and

**WHEREAS**, the Board has had the opportunity to consult with Management and the Advisors of the Company, obtain additional information, and fully consider each of the strategic alternatives available to the Company, and the Board has determined that the following resolutions are in the best interests of the Company and their respective stakeholders.

**NOW, THEREFORE, BE IT,**

**RESOLVED**, that in the judgment of the Board, it is desirable and in the best interests of the Company, its creditors, and other parties in interest, that the Company shall be, and hereby is, authorized, empowered, and directed to file or cause to be filed voluntary petitions for relief (collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas or another court of proper jurisdiction (the "Bankruptcy Court"); and

**RESOLVED**, that the Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Chief Administrative Officer, the Senior Vice President, General Counsel, Secretary, or any

other duly appointed officer of the Company (collectively, the "Authorized Officers"), acting alone or with one or more other Authorized Officers of the Company be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

**Retention of Professionals**

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ, for and on behalf of the Company, the law firm of Kirkland & Ellis LLP ( "Kirkland") as legal counsel to the Company, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed to employ, for and on behalf of the Company, the law firm of Winston & Strawn LLP ( "Winston") as co-counsel to the Company, to represent and assist the Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and obligations, including filing any pleadings and conducting any potential restructuring or sale process on behalf of the Company; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Winston in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Lazard Frères & Co., LLC ("Lazard") as the Company's financial advisor and investment banker; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Lazard in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Alvarez and Marsal North America, LLC ("A&M"), as the Company's restructuring advisor; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute and deliver appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain A&M in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ the firm of Epiq Corporate Restructuring LLC ("Epiq") as the claims, noticing, solicitation, and administrative agent to represent and assist the Company in carrying out their duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each of the Authorized Officers, with power of delegation, is hereby authorized, empowered, and directed, for and on behalf of the Company, to execute appropriate retention agreements, to pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Epiq in accordance with applicable law, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers;

**RESOLVED**, that each of the Authorized Officers be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each of the Authorized Officers, with power of delegation, are hereby authorized, empowered, and directed, for and on behalf of the Company, to execute appropriate retention agreements, to pay appropriate retainers and fees, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as any Authorized Officer deems necessary, desirable, or appropriate; and

**RESOLVED**, that each of the Authorized Officers be, and hereby is, with power of delegation, authorized, empowered, and directed, for and on behalf of the Company, to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain all assistance by legal counsel, accountants, financial advisors, and other professional advisors, and to take and perform any and all further acts and deeds that such Authorized Officer deems necessary, proper, or desirable in connection with the Company's Chapter 11 Cases, with a view to the successful prosecution of such cases, the appropriateness of which shall be conclusively evidenced by the execution, payment, or filing by one or more Authorized Officers.

### Cash Collateral and Adequate Protection

**RESOLVED**, that the Company will obtain benefits from the use of collateral, including cash collateral, as such term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders"), including the (i) term loan lenders party to that certain term loan agreement, dated as of April 16, 2014, by and among FTS International, Inc., as borrower, Wells Fargo Bank,

National Association (as succeeded by Wilmington Savings Fund Society, FSB), as administrative agent, and the lenders party thereto (as have been amended, amended and restated, or otherwise modified from time to time) and (ii) secured noteholders holding the 6.25% senior secured notes due May 2022, pursuant to that certain indenture dated as of April 16, 2014, with FTS International, Inc., as issuer and U.S. Bank National Association, as collateral agent and trustee (together with any successor collateral agent), and the guarantors party thereto (as have been amended, amended and restated, or otherwise modified from time to time);

**RESOLVED**, that to the extent applicable to the Company, the Authorized Officers be, and hereby are, authorized, directed and empowered in the name of, and on behalf of, the Company to seek approval of the use of cash collateral pursuant to a cash collateral order in interim and final form (a "Cash Collateral Order"), and, to the extent applicable to the Company, any Authorized Officer be, and hereby is, authorized, empowered, and directed to negotiate, execute (under the common seal of the Company, if appropriate), and deliver any and all agreements, instruments, or documents, by or on behalf of the Company, necessary or advisable to implement the Cash Collateral Order, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of Cash Collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Company to grant adequate protection and security interests to the Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Officer in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof;

**RESOLVED**, that each of the Authorized Officers be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, the Company to execute (under the common seal of the Company, if appropriate) and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Order or to do such other things which shall in his/her absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or their execution thereof; and

**RESOLVED**, that in order to use and obtain the benefits the use of Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Company will provide certain adequate protection to the Company's Secured Lenders, as documented in the Cash Collateral Order.

### The Restructuring Support Agreement and the Chapter 11 Plan

**RESOLVED**, that the Board has determined in its business judgment that it is desirable and in the best interests of the Company, their creditors, and other stakeholders to enter into the second amended and restated Restructuring Support Agreement and to commence solicitation of the Plan, as attached to the Disclosure Statement, pursuant to sections 1125(g) and 1126(b) of the Bankruptcy Code and rule 3018(b) of the Federal Rules of Bankruptcy Procedure, and that the Company's performance of its obligations under the second amended and restated Restructuring Support Agreement and the solicitation of votes in favor of the Plan be and hereby is, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Officers of the Company be, and each is, authorized to take all actions (including, without limitation, to negotiate and execute any agreements, documents, or certificates) necessary to enter into the second amended and restated Restructuring Support Agreement and to consummate the transactions contemplated thereby in connection with the Chapter 11 Cases, and that the Company's performance of its obligations under the second amended and restated Restructuring Support Agreement hereby is, in all respects, authorized and approved;

**RESOLVED**, that each of the Authorized Officers of the Company has determined in its business judgment it is desirable and in the best interests of each of the Company, their creditors, and other stakeholders that the Authorized Officers file or cause to be filed the Plan, the Disclosure Statement, and all other papers or documents (including any amendments) related thereto and to take any and all actions that they deem necessary or appropriate to pursue confirmation and consummation of a plan of reorganization materially consistent with the Plan;

**RESOLVED**, that the Authorized Officers of the Company, acting alone or with one or more other Authorized Officers, be and they hereby are, authorized, empowered, and directed, together with the Advisors, to file all other documents deemed necessary to confirm a plan of reorganization materially consistent with the Plan, including, but not limited to, any amendments to and modifications of the Plan and Disclosure Statement; and

**RESOLVED**, that the Authorized Officers of the Company, acting alone or with one or more other Authorized Officers, be, and they hereby are, authorized, empowered, and directed to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such instruments as each, in his or her discretion, may deem necessary or advisable in order to consummate the Plan if confirmed by the Bankruptcy Court.

**General**

**RESOLVED,** that each of the Authorized Officers (and their designees and delegates) be, and each hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and, if applicable, file, or cause to be executed, acknowledged, delivered and, if applicable, filed any and all such other agreements, certificates, instruments, and other documents and to pay, or cause to be paid, all liabilities, fees, expenses, and costs, including, but not limited to, filing fees, in each case as in such Authorized Officer's or Authorized Officers' judgment, shall be necessary, advisable, or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the performance of any such act, the execution, acknowledgement, delivery, and filing of any such agreement, certificate, instrument, or other document, and the payment of any such liability, fee, expense or cost;

**RESOLVED**, that the Company and the Board have received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of the Company, or hereby waives any right to have received such notice;

**RESOLVED**, that all acts, actions, and transactions taken, or caused to be taken, by any Authorized Officer of the Company and relating to the matters contemplated by the foregoing resolutions, in the name of and on behalf of the Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions be, and each hereby is, ratified, confirmed, adopted, and approved in all respects as the true acts and deeds of the Company with the same force and effect as if each such act, actions, and transaction had been specifically authorized in advance by resolution of the Board;

**RESOLVED**, that each of the Authorized Officers (and their designees and delegates) be, and hereby is, authorized, empowered, and directed, for and on behalf of the Company, to take all actions, or to not take any action in the name of the Company, with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Officer shall deem necessary, desirable, or appropriate in such Authorized Officer's reasonable business judgment, as may be necessary or convenient to effectuate the purposes of the transaction contemplated herein, the necessity, desirability, and appropriateness of which shall be conclusively evidenced by the execution; and

**RESOLVED**, that this consent may be executed in any number of counterparts, each of which shall be deemed to be an original, and such counterparts shall constitute but one and the same consent.

*[Signature pages follow]*

\*       \*       \*       \*       \*

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

**FTS INTERNATIONAL, INC.**

By: _/s/ Domenic J. Dell'Osso, Jr._____
Domenic J. Dell'Osso, Jr.

By: _/s/ Michael J. Doss_____
Michael J. Doss

By: _/s/ Michael C. Jennings_____
Michael C. Jennings

By: _/s/ Carol J. Johnson_____
Carol J. Johnson

By: _/s/ Goy Yong Siang_____
Goy Yong Siang

By: _/s/ Ong Tiong Sin_____
Ong Tiong Sin

By: _/s/ Ben Russ_____
Ben Russ

By: _/s/ John Vaske_____
John Vaske

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

**FTS INTERNATIONAL MANUFACTURING, LLC**

By:  FTS International, Inc.
Its:  Sole Member

By: _/s/ Michael J. Doss_____
Name:  Michael J. Doss
Title:  Chief Executive Officer

IN WITNESS WHEREOF, the undersigned has executed and delivered this consent as of the date first written above.

**FTS INTERNATIONAL SERVICES, LLC**

By:  FTS International, Inc.
Its:  Sole Member

By:_ */s/ Michael J. Doss*_____

Name:  Michael J. Doss
Title:  Chief Executive Officer

## ANNEX I

FTS International, Inc., a Delaware corporation

FTS International Manufacturing, LLC, a Texas limited liability company

FTS International Services, LLC, a Texas limited liability company

Fill in this information to identify the case and this filing:

| | |
|---|---|
| Debtor Name | FTS International, Inc. |
| United States Bankruptcy Court for the: | Southern District of Texas |
| | (State) |
| Case number (If known): | Texas |

Official Form 202

**Declaration Under Penalty of Perjury for Non-Individual Debtors**          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐ *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐ *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐ *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐ *Schedule H: Codebtors (Official Form 206H)*

☐ *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐ Amended Schedule

☒ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒ Other document that requires a declaration_____**List of Equity Security Holders and Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| 09/22/2020 | ☒ */s/ Lance Turner* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Lance Turner** |
| | Printed name |
| | **Chief Financial Officer** |
| | Position or relationship to debtor |

Official Form 202          Declaration Under Penalty of Perjury for Non-Individual Debtors