**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

ENTERED
09/24/2020

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FTS INTERNATIONAL, INC., *et al.*,[1] | ) | Case No. 20-34622 (DRJ) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Re: Docket No. 14** |

**ORDER (I) AUTHORIZING THE
DEBTORS TO PAY CERTAIN PREPETITION CLAIMS
ON ACCOUNT OF (A) MINERAL CONTRACTOR CLAIMS,
(B) SHIPPING CLAIMS, (C) CRITICAL VENDOR CLAIMS, AND
(D) 503(B)(9) CLAIMS, (II) CONFIRMING ADMINISTRATIVE EXPENSE
PRIORITY OF OUTSTANDING ORDERS, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order"), (a) authorizing the Debtors to pay in the ordinary course of business all undisputed, liquidated, prepetition amounts owing on account of (i) Mineral Contractor Claims, (ii) Shipping Claims, (iii) Critical Vendor Claims, and (iv) 503(b)(9) Claims; (b) confirming the administrative expense priority status of Outstanding Orders and authorizing payment of such obligations in the ordinary course of business; and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: FTS International, Inc. (0081); FTS International Manufacturing, LLC (9132); and FTS International Services, LLC (7729). The location of Debtor FTS International, Inc.'s principal place of business and the Debtors' service address in these chapter 11 cases is 777 Main Street, Suite 2900, Fort Worth, Texas 76102.

[2]   Capitalized terms used but not defined herein have the meaning given to them in the Motion.

Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Debtors are authorized in their reasonable discretion to pay prepetition Trade Claims on a final basis as they become due and payable in the ordinary course of business.

2.      Any party that accepts payment from the Debtors on account of a Trade Claim shall be deemed to have agreed to the terms and provisions of this Order.

3.      All undisputed obligations related to the Outstanding Orders arising from (a) shipments of goods delivered to and accepted by the Debtors on or after the Petition Date or (b) provision of services to the Debtors on or after the Petition Date at the Debtors' request are granted administrative expense priority in accordance with section 503(b)(1)(A) of the Bankruptcy Code.

4.      The Debtors are authorized to pay all undisputed amounts related to the Outstanding Orders in the ordinary course of business consistent with the parties' customary practices in effect prior to the Petition Date.

5.      As a condition to receiving payment on account of a Trade Claim, the Debtors, in their business judgement, shall require such parties to:  (a) continue supplying goods and services to the Debtors on Customary Trade Terms and (b) agree that they shall not be permitted to cancel on less than ninety days' notice any contract or agreement pursuant to which they provide services to the Debtors.  The Debtors reserve the right to require additional favorable trade terms with any Trade Claimant as a condition to payment of any Trade Claim.  Any party that accepts payment from the Debtors on account of a Trade Claim shall be provided with a copy of this Order and are deemed to have agreed to the terms and provisions of this Order.

6.      The form of Trade Agreement, substantially in the form attached hereto as **Exhibit A**, is approved in its entirety, and the Debtors are authorized, but not directed, to negotiate, modify, or amend the Trade Agreement in their reasonable business judgment.

7.      The Debtors are authorized, but not directed, to pay Trade Claims, in the event that no Trade Agreement has been executed if the Debtors determine, in their business judgment that a formal Trade Agreement is unnecessary to ensure a vendor's continued performance on Customary Trade Terms.

8.      If any party accepts payment hereunder and does not continue supplying goods or services to the Debtors in accordance with trade terms at least as favorable to the Debtors as the Customary Trade Terms (regardless of whether a Trade Agreement has been executed) then:  (a) any payment on account of a prepetition claim received by such party shall be deemed, in the Debtors' sole discretion, an improper postpetition transfer and, therefore, recoverable by the Debtors in cash upon written request by the Debtors; (b) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (c) if there exists an outstanding postpetition balance due from the Debtors to such party, the Debtors

27

may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such supplier or vendor will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.  The Debtors shall include a copy of this Order with each payment, provided that the Debtors must only include a copy of this Order with the first payment made to any party under this Order.

9.      If any party accepts payment on behalf of a Trade Claim under this Order, and such Trade Claim is determined by the Court after notice and hearing, to not give rise to a statutory, contractual, or possessory lien, the Debtors are authorized to avoid such payment as a postpetition transfer under section 549 of the Bankruptcy Code, and the Trade Claimant who had accepted such payment shall be required to immediately repay to the Debtors any payment made to it on account of its asserted Trade Claim to the extent the aggregate amount of such payments exceed the postpetition obligations then outstanding, without the right of any setoffs, claims, provision for payment of reclamation or trust fund claims or otherwise.  Upon recovery of such payments by the Debtors, the obligation shall be reinstated as a prepetition claim in the amount so recovered.

10.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

11.     The Debtors shall maintain a matrix/schedule of amounts directly or indirectly paid, subject to the terms and conditions of this Order, including the following information:  (a) the names of the payee; (b) the amount of the payment; (c) the category or type of payment, as further

described and classified in the Motion; (d) the Debtor or Debtors that made the payment; and (e) the payment date.  The Debtors shall provide a copy of such matrix/schedule to the U.S. Trustee, the advisors to the Ad Hoc Group of Secured Noteholders, the advisors to the Ad Hoc Group of Term Loan Lenders, and counsel to any statutory committee appointed in these chapter 11 cases, every 30 days beginning upon entry of this Order.

12.     Notwithstanding anything to the contrary contained herein, any payment made or to be made or action taken by any of the Debtors pursuant to the authority granted herein, as well as the exercise of any and all other rights granted or approved hereunder, shall be subject to and in compliance with the requirements imposed on the Debtors under any orders of this Court approving any use of cash collateral by the Debtors (any such order, a "Cash Collateral Order"), any budget in connection therewith and any other documentation governing the Debtors' use of cash collateral.  Notwithstanding anything to the contrary in this Order, in the event of any inconsistency between the terms of this Order and the terms of any applicable Cash Collateral Order, the terms of the Cash Collateral Order shall govern.

13.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing in the Motion or this Order shall be deemed:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or

otherwise) satisfied pursuant to this Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  Any payment made pursuant to this Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

14.     The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized and directed to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Order.

15.     The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

16.     Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

17.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

18.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

19.      This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

**Signed:  September 24, 2020.**

**DAVID R. JONES**
**UNITED STATES BANKRUPTCY JUDGE**

## Exhibit A

**Form of Trade Agreement**

**THIS TRADE AGREEMENT IS NOT A SOLICITATION OF ACCEPTANCE OR REJECTION OF A CHAPTER 11 PLAN. ACCEPTANCE OR REJECTION OF A CHAPTER 11 PLAN MAY NOT BE SOLICITED UNTIL A DISCLOSURE STATEMENT HAS BEEN APPROVED BY THE BANKRUPTCY COURT FOR ANY SUCH CHAPTER 11 PLAN. THE INFORMATION IN THIS TRADE AGREEMENT STATEMENT IS SUBJECT TO CHANGE. THIS TRADE AGREEMENT STATEMENT IS NOT AN OFFER TO SELL ANY SECURITIES AND IS NOT SOLICITING AN OFFER TO BUY ANY SECURITIES.**

## TRADE AGREEMENT

**FTS International, Inc.** (the "Company"), on the one hand, and **[VENDOR]** ("Vendor"), on the other hand, hereby enter into the following trade agreement (this "Trade Agreement") dated as of this **[DATE]**.

### Recitals

WHEREAS on September 22, 2020 (the "Petition Date"), FTS International, Inc. and its affiliates and related entities (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the Southern District of Texas (the "Court").

WHEREAS on September [●], 2020, the Court entered its *Order (I) Authorizing the Debtors to Pay Certain Prepetition Claims on Account of (A) Mineral Contractor Claims, (B) Shipping Claims, (C) Critical Vendor Claims, and (D) 503(B)(9) Claims, (II) Confirming Administrative Expense Priority of Outstanding Orders, and (III) Granting Related Relief* (the "Trade Claims Order") [Docket No. [●]] authorizing the Debtors on a final basis, under certain conditions, to pay the prepetition claims of certain vendors, including Vendor, subject to the terms and conditions set forth therein.[1]

WHEREAS prior to the Petition Date, Vendor delivered goods to the Company, and the Company paid Vendor for such goods, according to Customary Trade Terms (as defined herein).

WHEREAS the Company and Vendor (each a "Party," and collectively, the "Parties") agree to the following terms as a condition of payment on account of certain prepetition claims Vendor may hold against the Company.

### Agreement

**A.**   Recitals.  The foregoing recitals are incorporated herein by reference as if set forth at length herein.

**B.**   Vendor Payment.  Vendor represents and agrees that, after due investigation, the sum of all amounts currently due and owing by the Company to Vendor is $[●] (the "Agreed Vendor Claim"). Following execution of this Trade Agreement, the Company shall, in full and final satisfaction of the Agreed Vendor Claim:

---

i

1.      Pay Vendor $[●] in full satisfaction of its Agreed Vendor Claim (the "Vendor Payment") (without interest, penalties, or other charges), as such invoices become due and payable; or

2.      Pay the Vendor Payment (with interest, penalties, or other charges) on the date which is the later of 30 days after the effective date of a chapter 11 plan and when the invoices become payable in ordinary course.

A.      Agreement to Supply.

1.      Vendor shall supply goods to the Company for the duration of the Debtors' chapter 11 cases based on the following "Customary Trade Terms":  the trade terms at least as favorable to the Company as those practices and programs (including credit limits, pricing, cash discounts, timing of payments, allowances, product mix, availability, and other programs) in place in the 12 months prior to the Petition Date.

2.      Vendor shall continue all shipments of goods in the ordinary course and shall fill orders for goods requested by the Company in the ordinary course of business for the duration of the Debtors' chapter 11 cases pursuant to the Customary Trade Terms.

3.      The Customary Trade Terms may not be modified, adjusted, or reduced in a manner adverse to the Company except as agreed-to in writing by the Parties.

A.      Other Matters.

1.      Vendor agrees that it shall not require a lump-sum payment upon the effective date of a plan in the Company's chapter 11 cases on account of any outstanding administrative claims Vendor may assert arising from the delivery of postpetition goods or services, to the extent that payment of such claims is not yet due.  Vendor agrees that such claims will be paid in the ordinary course of business after confirmation of a plan pursuant to the Customary Trade Terms then in effect.  The Vendor Payment will be made concurrently with payment of other outstanding administrative clams as provided in a confirmed plan.

2.      Vendor will not separately seek payment from the Company on account of any prepetition claim (including, without limitation, any reclamation claim or any claim pursuant to section 503(b)(9) of the Bankruptcy Code) outside the terms of this Trade Agreement or a plan confirmed in the Company's chapter 11 cases.

3.      Vendor will not file or otherwise assert against the Company, its assets, or any other person or entity, including the Company's customers, or any of their respective assets or property (real or personal), any lien, regardless of the statute or other legal authority upon which the lien is asserted, related in any way to any remaining prepetition amounts allegedly owed to Vendor by the Company arising from prepetition agreements or transactions.  Furthermore, if Vendor has taken steps to file or assert such a lien prior to entering into this Trade Agreement, Vendor will promptly take all necessary actions to remove such liens.

A.      <u>Vendor Breach</u>.

1.      In the event that Vendor fails to satisfy its undisputed obligations arising under this Trade Agreement (a "<u>Vendor Breach</u>"), upon written notice to Vendor, Vendor shall promptly pay to the Company immediately available funds in an amount equal to, at the election of the Company, the Vendor Payment or any portion of the Vendor Payment which cannot be recovered by the Company from the postpetition receivables then owing to Vendor from the Company.

2.      In the event that the Company recovers the Vendor Payment pursuant to Section A(1) hereof or otherwise, the full Agreed Vendor Claim shall be reinstated as if the Vendor Payment had not been made.

3.      Vendor agrees and acknowledges that irreparable damage would occur in the event of a Vendor Breach and remedies at law would not be adequate to compensate the Company.  Accordingly, Vendor agrees that the Company shall have the right, in addition to any other rights and remedies existing in its favor, to an injunction or injunctions to prevent breaches of the provisions of this Trade Agreement and to enforce its rights and obligations hereunder not only by an action or actions for damages but also by an action or actions for specific performance, injunctive relief and/or other equitable relief.  The right to equitable relief, including specific performance or injunctive relief, shall exist notwithstanding, and shall not be limited by, any other provision of this Trade Agreement.  Vendor hereby waives any defense that a remedy at law is adequate and any requirement to post bond or other security in connection with actions instituted for injunctive relief, specific performance, or other equitable remedies.

A.      <u>Notice</u>.

If to Vendor:

[●]

If to Company:

FTS International, Inc.
777 Main Street, Suite 2900
Fort Worth, Texas 76102
Attn:  Jennifer L. Keefe, General Counsel
Email:  Jennifer.Keefe@ftsi.com

and

Kirkland & Ellis LLP
609 Main Street
Houston, Texas 77002
Attn:         Brian Schartz, P.C.
Telephone:   (713) 836-3600
Facsimile:    (713) 836-3601
Email:       brian.schartz@kirkland.com

and

601 Lexington Avenue
New York, New York 10022
Attn:         Joshua A. Sussberg, P.C.
              Emily E. Geier
              Alexander Nicas
Telephone:   (212) 446-4800
Facsimile:    (212) 446-4900
Email:       joshua.sussberg@kirkland.com
              emily.geier@kirkland.com
              alexander.nicas@kirkland.com

**B.**    <u>Representations and Acknowledgements</u>.  The Parties agree, acknowledge, and represent that:

       1.    the Parties have reviewed the terms and provisions of the Trade Claims Order and this Trade Agreement and consent to be bound by such terms and that this Trade Agreement is expressly subject to the procedures approved pursuant to the Trade Claims Order;

       2.    any payments made on account of the Agreed Vendor Claim shall be subject to the terms and conditions of the Trade Claims Order;

       3.    if Vendor refuses to supply goods or services to the Company as provided herein or otherwise fails to perform any of its obligations hereunder, the Company may exercise all rights and remedies available under the Trade Claims Order, the Bankruptcy Code, or applicable law; and

       4.    in the event of disagreement between the Parties regarding whether a breach has occurred, either Party may apply to the Court for a determination of their relative rights, in which event, no action may be taken by either Party, including, but not limited to, the discontinuing of shipment of goods from Vendor to the Company, until a ruling of the Court is obtained.

**A.**    <u>Confidentiality</u>.  Vendor agrees to hold in confidence and not disclose to any party: (a) this Trade Agreement; (b) any and all payments made by the Company pursuant to this Trade Agreement; (c) the terms of payment set forth herein; and (d) the Customary Trade Terms (collectively, the "<u>Confidential Information</u>"); *provided*, *that*, if any party seeks to compel Vendor's disclosure of any or all of the Confidential Information, through judicial action or otherwise, or Vendor intends to disclose any or all of the Confidential Information, Vendor shall

immediately provide the Company with prompt written notice so that the Company may seek an injunction, protective order or any other available remedy to prevent such disclosure; *provided*, *further*, that if such remedy is not obtained, Vendor shall furnish only such information as Vendor is legally required to provide.

      **B.**    <u>Miscellaneous</u>.

      1.    The Parties hereby represent and warrant that:  (a) they have full authority to execute this Trade Agreement on behalf of the respective Parties; (b) the respective Parties have full knowledge of, and have consented to, this Trade Agreement; and (c) they are fully authorized to bind that Party to all of the terms and conditions of this Trade Agreement.

      2.    This Trade Agreement sets forth the entire understanding of the Parties regarding the subject matter hereof and supersedes all prior oral or written agreements between them.  This Trade Agreement may not be changed, modified, amended, or supplemented, except in a writing signed by both Parties.  Moreover, Vendor agrees to vote all claims now or hereafter beneficially owned by Vendor in favor of, and not take any direct or indirect action to oppose or impede confirmation of, any chapter 11 plan on a timely basis in accordance with the applicable procedures set forth in any related disclosure statement and accompanying solicitation materials, and timely return a duly-executed ballot to the Debtors in connection therewith, if such chapter11 plan provides for a treatment of any Agreed Vendor Claim that is materially consistent with this Agreement.

      3.    Signatures by facsimile or electronic signatures shall count as original signatures for all purposes.

      4.    This Trade Agreement may be executed in counterparts, each of which shall be deemed to be an original, but all of which shall constitute one and the same agreement.

      5.    The Parties hereby submit to the exclusive jurisdiction of the Court to resolve any dispute with respect to or arising from this Trade Agreement.

      6.    This Trade Agreement shall be deemed to have been drafted jointly by the Parties, and any uncertainty or omission shall not be construed as an attribution of drafting by any Party.

[Signature Page Follows]

AGREED AND ACCEPTED AS OF THE DATE SET FORTH ABOVE:

**FTS INTERNATIONAL, INC.**                 **[VENDOR]**


_____          _____
By:                                        By:
Title:                                     Title: