IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

ENTERED
02/11/2021

| | |
|---|---|
| In re: | ) Chapter 11 |
| FTS INTERNATIONAL, INC., | ) Case No. 20-34622 (DRJ) |
| Reorganized Debtor. | ) |
| Tax I.D. No. 30-0780081 | ) |

**FINAL DECREE CLOSING THE
CHAPTER 11 CASE OF FTS INTERNATIONAL, INC.** (Docket No. 362)

Upon the motion (the "Motion")[1] of the above-captioned reorganized debtor (the "Reorganized Debtor") for entry of a final decree (this "Final Decree") closing the above-captioned chapter 11 case, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b) and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Reorganized Debtor's estates, their creditors, and other parties in interest; and this Court having found that the Reorganized Debtor's notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the

---

[1] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The following Lead Case is hereby closed, effective as of the date of this Final Decree; *provided*, that this Court shall retain jurisdiction as provided in the Plan and the order confirming the Plan (the "Confirmation Order").

| Debtor | Case No. |
|---|---|
| FTS International, Inc. | 20-34622 |

2. Entry of this Final Decree is without prejudice to the rights of the Reorganized Debtor, or any party in interest, to seek to reopen the Lead Case for cause pursuant to section 350(b) of the Bankruptcy Code.

3. The Reorganized Debtor, no later than fourteen days after the date of entry of the Final Decree, shall file a post-confirmation report for the first quarter of 2021 through the date of entry of the Final Decree and shall serve a true and correct copy of said statements on the United States Trustee (the "U.S. Trustee").

4. The Reorganized Debtor shall pay the appropriate sum of quarterly fees due and payable under 28 U.S.C. § 1930(a)(6)(A) and (B) with respect to the Reorganized Debtor by remitting payment to the United States Trustee Payment Center, P.O. Box 6200-19, Portland, Oregon, 97228-6200 no later than the later of (x) fourteen days after the date of entry of the Final Decree and (y) the date on which such quarterly fees are otherwise due, and shall furnish evidence of such payment to the acting U.S. Trustee, 515 Rusk, Suite 3516, Houston, Texas. The payment shall reflect the Reorganized Debtor's account numbers and shall be transmitted with a "Chapter

11 Quarterly Disbursement and Fee Report" available from the U.S. Trustee. This Court shall retain jurisdiction to enforce of fees assessed under 28 U.S.C. § 1930(a)(6)(A) and (B).

5. Following the completion of the services identified in paragraphs 6 and 7 below, Epiq Corporate Restructuring, LLC ("Epiq") shall have no further obligations to this Court or any party in interest with respect to the claims, noticing, and solicitation services in these chapter 11 cases.

6. Consistent with the *Order Appointing Epiq Corporate Restructuring, LLC as Claims, Noticing, Solicitation, and Administrative Agent* [Docket No. 43], within thirty (30) days following entry of this Final Decree, Epiq shall prepare a final claims register for the Clerk's Office pursuant to any guidelines for implementing 28 U.S.C. § 156(c), and archive all proofs of claim with the Philadelphia Federal Records Center, at the direction of the Clerk's Office.

7. Epiq will collect and forward any mail regarding these chapter 11 cases after entry of this Final Decree mail as soon as reasonably practicable to the Reorganized Debtor, provided that the Reorganized Debtor shall provide Epiq with reasonable compensation and reimburse Epiq for its reasonable and documented expenses in connection with any such mail forwarding services provided by Epiq to the Reorganized Debtor after the date of entry of this Final Decree.

8. The Debtor, the Reorganized Debtor, or any Entity authorized pursuant to the Plan, and their respective agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

9. Nothing in this Final Decree shall change the amount or nature of any distribution, or any other substantive rights, that any claim against or interest in any Debtor would have been

entitled to under the Plan, the Confirmation Order, the Bankruptcy Code, the Bankruptcy Rules, or otherwise, had this Final Decree not been entered.

10. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

11. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the right of the Debtor, the Reorganized Debtor or any entity authorized pursuant to the Plan, as applicable, to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Decree or the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtor's rights or the rights of any other Person under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtor, the Reorganized Debtor, or any entity authorized pursuant to the Plan, as applicable, that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to the Motion are valid, and the Debtor, the Reorganized Debtor or any entity authorized pursuant to the Plan, as applicable, expressly reserve their rights to contest the extent, validity, or perfection or seek avoidance of all such liens.

12. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Decree.

**Signed: February 09, 2021.**

_____
**DAVID R. JONES
UNITED STATES BANKRUPTCY JUDGE**